IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NANCY LEWIS and LADY
BROWN DOG THE ENFORCER,

          Plaintiffs,

vs.                                          CIVIL NO.  09-270 WDS/LFG

NORTH CENTRAL NEW MEXICO
REGIONAL TRANSIT DISTRICT and
ESPANOLA POLICE DEPARTMENT,

          Defendants.

## ORDER AUTHORIZING IN FORMA PAUPERIS STATUS
## AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

THIS MATTER is before the Court pursuant to an Order of Reference [Doc. 5] to conduct a *sua sponte* review of the Complaint filed by *pro se* litigant Nancy Lewis ("Lewis").  The Complaint is also purportedly filed by her dog, Lady Brown Dog the Enforcer [Doc. 1].  Lewis asserts that the North Central New Mexico Regional Transit District, as well as the Espanola Police Department, violated the Americans With Disabilities Act ("ADA") by depriving her of transportation services.

### Request to Proceed *In Forma Pauperis*

Lewis seeks the Court's order authorizing her to proceed with this litigation without the payment of costs and fees [Doc. 2].  The *in forma pauperis* statute, 28 U.S. § 1915 authorizes a court to waive filing fees and various court costs.  The intent of the statute is to guarantee that "no citizen

---

[1] Within ten (10) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the analysis and recommendation.  If no objections are filed, no appellate review will be allowed.  Objections must be filed by June 7, 2009.

shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, `in any court of the United States' solely because . . . [lack of funds] makes it impossible . . . to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S.Ct. 85, 90 (1948).

Lewis submitted an affidavit indicating that she is homeless, indigent, unemployed, and has no savings or other assets to utilize in the prosecution of this litigation. The Court further notes that Lewis has been granted *in forma pauperis* status in multiple other filings in this district.[2]

Based on her affidavit, the Court determines that Lewis is indigent and qualifies for *in forma pauperis* status.  The Court allows the Complaint to be filed without payment of costs or fees. However, because the Complaint is being dismissed, the Court will not authorize service of process.

### **Authority for *Sua Sponte* Analysis**

While Congress removed barriers to court access for indigents by enacting the *in forma pauperis* statute, 28 U.S.C. § 1915, it also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1732-33 (1992).

In response to this congressional concern, federal courts are authorized to review and dismiss an *in forma pauperis* complaint and to dismiss the complaint if Plaintiff does not plead "sufficient facts, that when taken as true, provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." Gann v. Cline, 519 F.3d 1090, 1092 (10th Cir. 2008) (*quoting* Bell

---

[2]CIV 09-269 LFG/WDS, Lewis v. Joy Junction Homeless Shelter; CIV 09-337 WPL/DJS, Lewis v. Gallup McKinley Adult Detention Center; CIV 09-16 MCA/ACT, Lewis v. Rio Grande Sun; CIV 09-305 JH/RLP, Lewis v. Burger King; CIV 09-308 DJS/ACT, Lewis v. ECCO.

Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965, 1969 (2007)); Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007); Carson v. Tulsa Police Dep't, No. 07-5030, 266 F. App'x 763, 765 (10th Cir. Feb. 21, 2008)(applying Twombly plausibility standard in § 1915 review).

### Dismissal of Plaintiff Lady Brown Dog the Enforcer

As a preliminary matter, the Court proposes to dismiss the purported Plaintiff "Lady Brown Dog the Enforcer" from this lawsuit. In Goss v. Fairfield Housing Authority, 2006 WL 1272623 at *4 (D. Conn. Mar. 14, 2006), the court determined there are no provisions in the ADA or any other civil rights statute that confer upon an animal the right to bring a civil action. Indeed, in prior litigation in this district, another lawsuit purportedly brought by Lewis and "Lady Brown Dog the Enforcer," the court cautioned Lewis about filing other lawsuits on behalf of her dog, noting that such conduct was frivolous. *See* Nancy Lewis and Lady Brown Dog the Enforcer v. Joy Junction Homeless Shelter et al., CIV 09-269 LFG/WDS [Doc. 8](D.N.M. Apr. 1, 2009).

Accordingly, the referral magistrate judge proposes dismissal, with prejudice, of the lawsuit purportedly brought on behalf of Lady Brown Dog the Enforcer.

### Allegations

The Court proceeds to analyze the claims brought by Lewis.

Lewis contends that on January 20, 2009, the bus driver for the North Central New Mexico Regional Transit District ordered her and her dog off the bus after they boarded it in Santa Fe based on erroneous claims that her dog previously urinated on the bus. Lewis further alleges that later the same day, she boarded another bus in Espanola, New Mexico so as to return to Santa Fe, and she was again ordered off the bus. Lewis claims the bus driver's directive was "supported" by the Espanola Police. She seeks compensatory and punitive damages.

**Americans With Disabilities Act**

Title II of the ADA prohibits a public entity from discriminating against disabled individuals, and states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  Thus, Lewis' claims against both the North Central New Mexico Regional Transit District and the Espanola Police Department, arise under Title II of the ADA.

As threshold matter, a plaintiff seeking relief under Title II of the ADA must allege essential elements of the claim. "[A]ny plaintiff asserting a claim under the ADA must establish he or she is a 'qualified individual with a disability'." Lanman v. Johnson County, Kansas, 393 F.3d 1151, 1156 (10th Cir. 2004)(*quoting* 42 U.S.C. § 12112(a)). "A disability within the meaning of the ADA is . . . 'a physical or mental impairment that substantially limits one or more of the major life activities' of an individual." Robertson v. Las Animas County Sheriff's Dep't, 500 F.3d 1185, 1193-94 (10th Cir. 2007)(*quoting* 42 U.S.C. § 12102(2)(A)). A plaintiff must also allege under this section of the ADA that the person was denied the benefits of an entity's programs or services because of a disability. 42 U.S.C. §§ 12132 and 12182(a).

Lewis' Complaint fails to allege that she is a "qualified person with a disability" or that she has a "physical or mental impairment that substantially limits one or more of the major life activities of an individual." Further, Lewis did not allege that she was denied transportation services because of a qualified disability. Thus, even accepting as true all facts alleged, Lewis has not pled enough facts to state a claim for relief under Title II of the ADA.

To the contrary, Lewis only alleges that she was denied transportation services by North Central New Mexico Regional Transit District because of her dog, Lady Brown Dog The Enforcer.

That allegation, however, is insufficient to "nudge" her claims across the line from conceivable to plausible.  Twombly, 127 S. Ct. at 1974.  Nothing in Lewis' Complaint indicates that her dog is a "service animal" as defined by the ADA.

In Vaughn v. Rent-A-Center, Inc., 2009 WL 723166 (S.D. Ohio Mar. 16, 2009), the court noted:

> Discrimination under the [ADA] is defined to include a business's failure to make reasonable modifications in policies and practices when modifications are necessary to provide goods and services to disabled individuals, unless the business can show that making such modifications would fundamentally alter the nature of the goods and services provided.  42 U.S.C. § 12182(b)(2)(A)(iii).  The Department of Justice has been tasked by Congress with the duty to promulgate regulations that flesh out the requirements of the ADA.  Bragdon v. Abbott, 524 U.S. 624, 646, 118 S. Ct. 2196, 141 L.Ed. 2d 540 (1998).  With regard to disabled people who use service animals, the Department of Justice regulations state that "[g]enerally, a public accommodation shall modify policies, practices or procedures to permit the use of service animals by an individual with a disability."  28 C.F.R. § 36.302(c)(1)

Id. At *10.

Provisions of the ADA defines a "service animal" as follows:

> Service animal means any guide dog, signal dog, or other animal individually trained to do work or perform tasks for the benefit of an individual with a disability, including, but not limited to, guiding individuals with impaired vision, alerting individuals with impaired hearing to intruders or sounds, providing minimal protection or rescue work, pulling a wheel chair, or fetching dropping items.

*See* id. At *10, 28 C.F.R. § 36.104.

Here, Lewis' Complaint contains no allegations that would distinguish Lady Brown Dog the Enforcer from any ordinary pet.  There are no allegations that she is a service dog; no allegations of what type of assistance the dog provides to Lewis; and no allegations concerning the type of training Lady Brown Dog the Enforcer may have received that would benefit "an individual with

a disability." In sum, there are no allegations that Lewis' dog meets the requirements for a "service dog" under the ADA.

Thus, as pled, Lewis' Complaint fails to withstand scrutiny under Fed. R. Civ. P. 12(b)(6) and under the Supreme Court's newly announced tests for determining plausibility. *See* Twombly, 127 S. Ct. At 1974.

Finally, Lewis' complaints against the Espanola Police Department are also insufficient. Indeed, the only mention about the Espanola Police Department is as follows:

> When Plaintiffs later the same day boarded the bus in Espanola to return to Santa Fe, bus company personnel converged on the scene and called Espanola Police who, arriving in force, supported them, and Plaintiffs were ordered off the bus and had to hitch a ride back to Santa Fe.

Lewis did not allege constitutional or federal violations by any particular City police officer. Nor did she allege any type of conduct that would subject the City itself to liability under some municipal liability theory. Monell v. Dep't of Social Seervices of City of New York, 436 U.S. 658 (1978).

These defects may all be cured by proper pleading. However, at present, Lewis' Complaint, as a whole, does not withstand scrutiny under Rule 12(b)(6). Accordingly, it is proposed that Lewis' Complaint be dismissed, without prejudice.

Should Lewis seek to re-file a new lawsuit against these Defendants, she is encouraged to seek assistance from the State Bar of New Mexico or from one of the several legal assistance programs that may provide assistance for qualified individuals.

IT IS THEREFORE ORDERED that Lewis be permitted to proceed *in forma pauperis* without payment of filing fees. [Doc. 2].

**<u>Recommendation</u>**

It is recommended that (1) Plaintiff Brown Dog the Enforcer be DISMISSED, with prejudice, from the lawsuit; and (2) that Lewis' Complaint be DISMISSED, without prejudice.

_____
Lorenzo F. Garcia
Chief United States Magistrate Judge