IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NANCY LEWIS and LADY
BROWN DOG THE ENFORCER,

        Plaintiffs,
vs.                                                              CIVIL NO.  09-270 WDS/LFG

NORTH CENTRAL NEW MEXICO
REGIONAL TRANSIT DISTRICT and
ESPANOLA POLICE DEPARTMENT,

        Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND ORDER OF DISMISSAL

THIS MATTER is before the Court on a review of the referral Magistrate Judge's Report and Recommendation [Doc. 6] issued pursuant to this Court's Order of Reference [Doc. 5].  The Court considered Plaintiff's Objection to Analysis and Proposed Disposition of Complaint [Doc. 7] and determines that the Objection is not well-taken, and, therefore, the Report and Recommendation will be adopted by the Court.

Plaintiff Nancy Lewis ("Lewis") objects to the proposed dismissal with prejudice of the Complaint purportedly filed by Lady Brown Dog the Enforcer, and argues that her pet should be authorized to proceed with this litigation as a co-Plaintiff.

The Chief Magistrate Judge Lorenzo F. Garcia noted that in Goss v. Fairfield Housing Authority, No. 3:03 CVO935 (WIG) 2006 WL 1272623, at *4 (D. Conn. Mar. 14, 2006), the court determined there are no provisions in the ADA or any other civil rights statute that confer upon an animal the right to bring a civil action.  In prior litigation initiated by Lewis, purportedly on her behalf and on behalf of her dog, the Court dismissed the dog's claims and cautioned Lewis about

filing other lawsuits on behalf of her dog. *See* <u>Nancy Lewis and Lady Brown Dog the Enforcer v. Joy Junction Homeless Shelter et al.</u>, CIV 09-269 LFG/WDS [Doc. 8](D.N.M. Apr. 1, 2009).

Notwithstanding Lewis' arguments that her dog is intelligent, bilingual, and "is able to speed read a legal brief, digest it, weigh its implications and form an opinion instantaneously," (Doc. 7, Objections, p. 4), this Court finds that a dog may not prosecute a civil action under the ADA or any civil rights statute. <u>Goss v. Fairfield Housing Authority</u>. Thus, claims which Lewis asserts on behalf of her dog are dismissed with prejudice.

Judge Garcia proposed dismissal of the remainder of Lewis' Complaint without prejudice. A review of her present Complaint confirms that it cannot withstand scrutiny under the Supreme Court's standard in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007). This is not to say, however, that Lewis cannot correctly plead a cause of action under the ADA. Indeed, in her objection, she asserts, for the first time, that she is disabled and that her dog was designated by the City of Santa Fe as a service animal. However, none of these allegations, which are requisite for claims under the ADA, appear in Lewis' complaint. In <u>Lanman v. Johnson County, Kansas</u>, 393 F.3d 1151, 1156 (10th Cir. 2004)(*quoting* 42 U.S.C. § 12112(a)), the court noted, "any plaintiff asserting a claim under the ADA must establish he or she is a 'qualified individual with a disability.'"

So, too, in <u>Robertson v. Las Animas County Sheriff's Dep't</u>, 500 F.3d 1185, 1193-94 (10th Cir. 2007)(*citing* 42 U.S.C. § 12132), the court noted that a plaintiff must allege under this section of the ADA that the person was denied the benefits of an entity's programs or services by reason of a disability. *See also*, 42 U.S.C. § 12182(a). These essential elements are missing from Lewis' complaint.

The Report and Recommendation notes that Lewis failed to allege she is a qualified person with a disability, or that she has a physical or mental impairment that substantially limits one or more of the major life activities of an individual. In her objections, she asserts that walking is such an activity and, consequently, she does have a disability. As earlier noted, however, these allegations do not appear in her Complaint.

Similarly, the allegations against the Espanola Police Department are lacking in the detail required under Bell Atlantic Corp. v. Twombly. Lewis did not allege any constitutional or federal violation by any particular police officer, nor did she allege any type of conduct that would subject the Police Department to liability under any type of municipal liability theory. Monell v. Dep't of Social Servs., 436 U.S. 658 (1978).

In her Objection, Lewis indicates that she can overcome these pleading deficits. In fact, it was for that very reason Judge Garcia recommended dismissal without prejudice. The Report states:

> These defects may all be cured by proper pleading. However, at present, Lewis' Complaint, as a whole, does not withstand scrutiny under Rule 12(b)(6). Accordingly, it is proposed that Lewis' Complaint be dismissed, without prejudice.

(Doc. 6, Report and Recommendation, p. 6).

Thus, after considering Lewis' Objection, the Court determines her objections are not well-taken. Therefore, Judge Garcia's Report and Recommendation is adopted by the Court.

Accordingly, the Complaint purportedly filed on behalf of Lewis' pet, Lady Brown Dog the Enforcer, is DISMISSED with prejudice; and Lewis' Complaint, filed on her own behalf is DISMISSED without prejudice.

Should Lewis file a new lawsuit asserting alleged violations of her federally protected or constitutional rights by any Defendant, the Court encourages Lewis to seek a lawyer's assistance.

If unable to retain counsel, Lewis would be well-served by contacting the State Bar of New Mexico or various publicly funded legal services programs available to qualified individuals.

IT IS SO ORDERED.

_____
W. Daniel Schneider
United States Magistrate Judge